ELECTRONICALLY FILED
2013-Nov-01 14:34:00
60CV-13-4282

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

LISA STOKES, on Behalf of Herself
and All Others Similarly Situated     PLAINTIFF

VS.     NO. _____

GEICO CASUALTY COMPANY     DEFENDANT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Lisa Stokes, who brings this class action on behalf of herself and all others similarly situated, by and through the undersigned counsel, for her Complaint against GEICO Casualty Company ("Defendant" or "GEICO") states and alleges:

I. **INTRODUCTION.**

1. This is a class action whereby Plaintiff seeks for herself and all other similarly situated insured customers or former customers of Defendant, a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it received reimbursement or subrogation of payments of optional medical payment ("med pay") and/or personal injury protection ("PIP") coverage from its insured customer's settlement with a third-party tortfeasor, prior to reaching an agreement or receiving a judicial determination that the insured was made whole.

2. Plaintiff further seeks for herself and all others similarly situated an Order requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest, of all of the reimbursed or subrogated proceeds of the insured's settlement with a third-party

tortfeasor that GEICO illegally took prior to a judicial determination or agreement with the insured that the insured had been made whole.

## II. JURISDICTION AND VENUE.

3. Plaintiff and all proposed class members are citizens of the State of Arkansas. Defendant is an insurance company authorized to do business in the State of Arkansas, and, at all relevant times hereto, was engaged in the marketing, sale and issuance of automobile insurance policies in the State of Arkansas.

4. The compensatory damages being sought by Plaintiff do not exceed $75,000, and upon information and belief, no individual member of the Class would possess a compensatory damage claim in excess of $75,000. Additionally, the aggregate compensatory damages claimed by Plaintiff and the Class, exclusive of attorney's fees and costs, are below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

5. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

## III. PARTIES.

6. Plaintiff, Lisa Stokes, resides in Pulaski County and is a citizen of the state of Arkansas. Plaintiff has contracted with the Defendant for automobile insurance. On January 2, 2011, the Plaintiff was involved in an accident in which she was not at fault. Plaintiff suffered injury, received a settlement or damage award from the third party tortfeasor's insurer, and in August of 2011, a portion of the recovery was paid to Defendant as subrogation or reimbursement. Plaintiff was not represented by an attorney in this matter. There was no judicial determination that Plaintiff was made whole as a result of the payment from the third-

party tortfeasor, and there was no agreement between Plaintiff and Defendant that Plaintiff was made whole.

7. Defendant, GEICO, is a mutual insurance company that owns numerous companies. Defendant's corporate headquarters is located at One GEICO Plaza, Washington, D.C. Defendant conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

## IV. COMMON FACTUAL BACKGROUND.

8. According to Defendant's marketing materials it was created in 1936 and currently has more than 12 million policies issued in the United States.

9. Plaintiff, like all proposed class members, currently has, had, or was covered under, a contract of automobile insurance with Defendant that includes or included an optional medical payment ("med pay") and/or personal injury protection ("PIP") coverage which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents. The contract of insurance between Plaintiff, as well as each proposed class member, and Defendant states Defendant is entitled to reimbursement of those medical expenses paid under the optional med pay or PIP coverage in the event that the insured recovers money from a third-party tortfeasor responsible for the insured's injuries.

10. Defendant made payments to or on behalf of Plaintiff, and all proposed class members, under their med-pay or PIP coverage after they were injured in an automobile accident which was not their fault. Plaintiff and all proposed class members recovered money through settlement or otherwise from a third-party tortfeasor responsible for their injuries. Plaintiff and

all proposed class members were not represented by counsel in their dealings with the third-party tortfeasor.

11. Defendant, throughout the Class Period, as a common policy and general business practice, received, through the assertion of its subrogation or reimbursement rights, a portion of the plaintiff's (and proposed class members') settlement proceeds from a third-party tortfeasor without first reaching an agreement with the plaintiff or receiving a judicial determination that the insured was made whole. Prior to the resolution of the claim between the insured and the third-party tortfeasor, (*i.e.*, *prior to a made whole judicial determination or agreement between the parties*), the Defendant exercised its rights of subrogation or reimbursement. In order to receive the full benefit of a settlement with a third-party tortfeasor and to avoid paying Defendant the amount of the illegally received subrogation or reimbursement, the insured is compelled to either: (a) sue his/her insurance company and endure the cost and delay of litigation, or (b) to pay the amount asserted in subrogation/reimbursement, or a portion thereof, to avoid litigation and delay. In each instance, Defendant received reimbursement for the med pay of PIP without any agreement between Defendant and the insured that the insured had been made whole. In each instance, Defendant received reimbursement for the med pay or PIP before a judicial determination that the insured was made whole.

## V. COMMON CONTROLLING LAW.

12. Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how insureds who reside in Arkansas must be treated by Defendant.

13. It is well settled under Arkansas law and recently reaffirmed by the Arkansas Supreme Court in *Riley v. State Farm*, 2011 Ark. 256 (2011), that "[t]he subrogation lien cannot

4

arise, or attach, until the insured has received the settlement proceeds or damage award and until there is a judicial determination that the insured has been made whole." *Id* at *16; *see also Farm Bureau Cas. Ins. Co. v. Tallant*, 362 Ark 17, 207 S.W.3rd 468 (2005); *Ryder v. State Farm Mut. Auto Ins. Co.*, 371 Ark. 508, 268 S.W.2d 298 (2007); *Franklin v. Healthsource of Ark.*, 328 Ark. 163, 942 S.W.2d 837 (1997); *Shelter Mutual Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

14. Further, it is well settled in Arkansas that an insurance company's unilateral determination that an insured has been made whole will not suffice. "The consensus in Arkansas case law is that a legal determination, absent an agreement of the parties, of whether the insured has been made whole can occur after a settlement is reached but must occur *before* the insurance company is entitled to recover in subrogation." *Riley* at *12.(emphasis added), *see Tallant* at 24.

15. In *Franklin* the Arkansas Supreme Court held that an insurance company is not entitled to subrogation unless its insured customer has been fully made whole, regardless of whether the insurance contract between the insurer and insured expressly gave the insurer a right of subrogation for benefits paid. *Id.; Ryder* at 514. "Subrogation is recognized or denied upon equitable principles" and "an insured's right to subrogation takes precedent over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred." *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, at 188-189, 60 S.W.3d 458 (2001); *see also General Accident Ins. Co. of America v. Jaynes*, 343 Ark. 143, 152 (2000).

16. The Arkansas Supreme Court has explained the rationale for this "made whole" doctrine as follows:

> In a typical insurance scenario, the insured pays premiums to the insurer to assume risks. If the insurer is entitled to reimbursement of the benefits it previously paid to the insured after the insured receives a settlement from a third-party tortfeasor but has still not been made whole, then a windfall is created for the insurer because it is not being forced to assume all of the risks that it has been paid by the insured to assume.

*Ryder v. State Farm Mutual Automobile Insurance Co.*, 371 Ark. 508, 515-16 (2007).

17. Under this "made whole" doctrine, "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim." *Caldwell v. TACC Corp.*, 423 F.3d 784, 790 (8th Cir. 2005).

18. Whether the insured is "made whole" requires consideration of information that must be provided by the insured, as well as potentially other sources, before such determination could be made. As the Arkansas Supreme Court has explained: "Most always when there is tort recovery the consideration for payment by the tortfeasor includes loss of wages, loss of earning capacity, pain and suffering, permanent or temporary physical impairment, medical expenses, property damages and intangible losses which are not susceptible to exact measurement." *American Pioneer Life Ins. Co. V. Rogers*, 296 Ark. 254, 259 (1988).

19. In order to comply with Arkansas law, Defendant was required by law to not receive subrogation or reimbursement until: 1) *after* the Plaintiff, or other similarly situated insured customers, and Defendant had reached an agreement that Plaintiff has been made whole or 2) *after* a judicial determination that the Plaintiff, or other similarly situated insured customers, has been made whole.

20. Complying with Arkansas law does not prevent Defendant (or any Arkansas automobile insurer) from asserting and receiving subrogation or reimbursement. However, Arkansas law does require the insurer to first reach an agreement with its insured that

he/she has been made whole. If the parties are not able to agree, Defendant must seek a judicial determination that their insured has been made whole.

## VI. CLASS ACTION ALLEGATIONS.

21. This action is brought by Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(3), or, alternatively, 23(b)(2), of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, plus interests, injunctive relief, costs and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following class:

22. Residents of the State of Arkansas who, during the Class Period of October 21, 2008, through the date of resolution of this action,

    a. have, had, or were covered under a contract of automobile insurance with Defendant that includes or included an optional "med pay" and/or "PIP" coverage, (b) received a payment from Defendant under such coverage, (c) recovered money though settlement or otherwise from a third-party tortfeasor, without the assistance of counsel, and (d) had a portion of such recovery taken by Defendant as subrogation or reimbursement without a judicial determination or agreement that the insured was made whole.

23. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

24. The exact number of the class, as herein identified and described, is not known, but it is estimated to number in the thousands. The class is so numerous that joinder of individual members herein is impracticable.

25. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

(A) Whether, throughout the Class Period, as a common policy and general business practice, Defendant, in violation of Arkansas law, received a portion of its insureds' settlement proceeds from a third-party tortfeasor before first reaching an agreement with its insured customers that they had been made whole; and

(B) Whether, throughout the Class Period, as a common policy and general business practice, Defendant, in violation of Arkansas law, received a portion of its insureds' settlement proceeds from a third-party tortfeasor without receiving a judicial determination that the insured was made whole.

26. The claims of the Plaintiff, who is representative of the class herein, are typical of the claims of the proposed class, in that the claims of all members of the proposed class, including the Plaintiff, depend on a showing of the acts of Defendant giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other member of the proposed class with respect to this action, or with respect to the claims for relief set forth herein.

27. The named Plaintiff is the representative party for the class, and is able to, and will fairly and adequately protect the interests of the class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

28. The class action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of

injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members whose claims are too small and complex to individually litigate against a large corporate defendant.

29. As relief for the alleged violations of Arkansas law, Plaintiff seeks, on behalf of herself and all class members: 1) a declaratory judgment determining that Defendant has violated Arkansas law by receiving subrogation or reimbursement from its insured customers prior to a made whole judicial determination or agreement; and 2) an order requiring Defendant to pay monetary restitution in the amount of the subrogated or reimbursed funds that Defendant has unjustly taken from the plaintiff's (and proposed class members') settlement with the third-party tortfeasor prior to a made whole judicial determination or agreement.

30. Thus, alternatively, certification is appropriate under Rule 23(b)(2) because it is clear that declaratory relief is appropriate respecting the Class as a whole.

## VII. CAUSE OF ACTION.

### A. DECLARATORY JUDGMENT.

31. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

32. An actual case and controversy within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, which may be adjudicated by this Court exists between Plaintiff and proposed class members, and the Defendant.

33. Plaintiff and all members of the proposed class have, had, or were covered under a contract of automobile insurance with Defendant. Defendant's contract for automobile coverage provides that its insureds are treated consistent with the requirements of the laws and

regulations of the appropriate state. Arkansas law controls how the Defendant's insured customers who reside in Arkansas must be treated by Defendant.

34. The automobile insurance contract between Plaintiff and all other similarly situated insureds and Defendant contained an optional "med pay" and/or "PIP" coverage provision which provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its insureds in automobile accidents.

35. The contract of insurance between the Plaintiff, as well as all those similarly situated, and Defendant provided that Defendant is entitled to subrogation or reimbursement of med-pay or PIP payment made on behalf of its insured in the event that the insured recovers money from a third-party tortfeasor responsible for the insured's injuries.

36. Well-settled Arkansas case law limits the Defendant's right to receive subrogation or reimbursement from Plaintiff and similarly situated insureds until after Defendant and insured have reached an agreement that insured has been made whole or a judicial determination that insured has been made whole.

37. Defendant, as a common policy and general business practice, receives subrogation or reimbursement of payments made under "med pay" or "PIP" from its insured prior to a made whole judicial determination or agreement. Accordingly, Defendant has violated, and continues to violate, Arkansas law.

38. As a result of these violations of Arkansas law, Plaintiff and the proposed class members have been injured. Plaintiff's and proposed class members' damages include the amount of illegally subrogated or reimbursed funds that Defendant has received from settlements reached with the Plaintiff and proposed class members and a third-party tortfeasor. Defendant, through its illegal actions, has kept and continues to keep for itself a portion of the Plaintiff's and

the proposed class members' settlement proceeds from a third party tortfeasor. Therefore, restitution, including pre-judgment and post-judgment interest, is appropriate, as well as other legal and equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure and that Plaintiff is a proper class representative;

b) enter a declaratory judgment that Defendant's actions of receiving subrogation or reimbursement from its insureds' recovery from a third-party tortfeasor prior to a made whole judicial determination or agreement violates Arkansas law;

c) enter an order demanding that Defendant pay monetary restitution, including pre-judgment and post-judgment interest to the Plaintiff, and all proposed class members, of 100% of the subrogated or reimbursed proceeds that Defendant has illegally taken from its insureds; and

d) grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## VIII. JURY DEMAND.

Plaintiff and the Class members hereby request a trial by jury.

Respectfully submitted,

HANK BATES (ABN 98063)
RANDALL K. PULLIAM (ABN 98015)
TIFFANY WYATT OLDHAM (ABN 2001287)
BREEAN WALAS (ABN 2006077)

**CARNEY BATES & PULLIAM, PLLC**
11311 Arcade Drive, Suite 200
Little Rock, AR  72212
Tel:  (501) 312-8500
Fax:  (501) 312-8505

and

Bill Horton (ABN 02200)
**NOLAN, CADDELL & REYNOLDS, P.A.**
P.O. Box 184
Fort Smith, Arkansas 72902
Tel: (479) 464-8269
Fax: (479) 464-8287

BY: _____
         BREEAN WALAS (ABN 2006077)

*Counsel for Proposed Plaintiff Class*